IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | Civil Action No. MDL 875 |
| _____ | : | |
| This Document Relates to: | : | |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:10-cv-262

CIVIL ACTION COMPLAINT

| | | |
|---|---|---|
| This Document Relates to: | : | |
| | : | |
| Erik Ross Phillips and Gina Phillips, spouse, | : | |
| | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| Albany International Corporation; | : | |
| AstenJohnson, Inc.; | : | |
| B E & K Inc; | : | |
| BEK Construction, Inc.; | : | |
| Borg-Warner Corporation by its Successor in Interest, BorgWarner Morse TEC Inc.; | : | |
| CBS Corporation a Delaware Corporation f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation; | : | |
| CertainTeed Corporation; | : | |
| Chattanooga Boiler & Tank Company; | : | |
| Cleaver-Brooks, Inc.; | : | |
| Crane Co.; | : | |
| Daniel International Corporation; | : | |
| Flowserve US Inc., individually and as successor to Nordstrom Valves, Inc.; | : | |
| Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.; | : | |
| Foster Wheeler Energy Corporation; | : | |
| Gardner Denver, Inc.; | : | |
| General Electric Company; | : | |
| Genuine Parts Company; | : | |
| Goulds Pumps, Inc.; | : | |
| Grizzly Industrial, Inc.; | : | |
| Henry Vogt Machine Co.; | : | |

1

Honeywell International, Inc.;                              :
Industrial Holdings Corporation, f/k/a The                 :
    Carborundum Company;                :
Ingersoll-Rand Company;                                    :
ITT Corporation, individually and as successor in          :
    Interest to Kennedy Valve Manufacturing :
    Company;                             :
ITT Corporation, individually and as successor to Bell     :
    & Gossett;                           :
Korber Paperlink North America, Inc., successor in         :
    interest to Clark-Aiken Company;     :
Korber Paperlink North America, LLC, successor in          :
    interest to Clark-Aiken Company;     :
Metropolitan Life Insurance Company, a wholly-owned        :
    subsidiary of Metlife Inc.;          :
National Automotive Parts Association, Inc.;               :
National Service Industries, Inc. (f/k/a North Brothers    :
    Company);                            :
Pneumo Abex Corporation (successor-in-interest to          :
    Abex Corporation f/k/a American Brake Shoe :
    Company, f/k/a American Brake Shoe and Foundry :
    Company including The American Brakeblok :
    Division,successor-by-merger to the American :
    Brake Shoe andFoundry;               :
Rapid American Corporation;                                :
Riley Power, Inc., f/k/a Babcock Borsig Power, Inc.,       :
    f/k/a/ D.B. Riley, Inc., f/k/a Riley Stoker :
    Corporation;                         :
SEPCO Corporation;                                         :
The Montalvo Company;                                      :
Trane U.S. Inc., f/k/a American Standard Inc.;             :
Union Carbide Corporation;                                 :
Uniroyal, Inc., f/k/a/ United States Rubber Company,       :
    Inc;                                 :
Viking Pump, Inc.;                                         :
Yarway Corporation;                                        :
Zurn Industries, LLC                                       :
                                                      :
                Defendants

## CIVIL ACTION COMPLAINT

PLAINTIFFS, Erik Ross Phillips and Gina Phillips, his spouse, by and through their attorneys, Wallace and Graham, PA, hereby bring this Civil Action Complaint, whereof the following is a statement:

2

## JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

2.      Further, this Court has jurisdiction over the parties because the Plaintiffs are citizens of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina.  The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

3.      Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

4.      This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action.  This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

## PARTIES

5.      Plaintiff, Erik Ross Phillips (hereinafter "Plaintiff"), is a citizen and resident of the County of Buncombe, State of North Carolina. The Plaintiff-Spouse, Gina Phillips, (hereinafter "Plaintiff-Spouse"), is and for all relevant times has been a citizen and resident of the County of Buncombe, State of North Carolina, and is the wife of Erik Ross Phillips.

6.      Plaintiffs bring this action for monetary damages as a result of Plaintiff contracting an asbestos-related disease.  Plaintiff was diagnosed with Mesothelioma on February 25, 2010. Plaintiff's exposure to asbestos occurred during the course of his employment listed on Schedule I, attached to this complaint and incorporated by reference herein.

7.      All of the named Defendants listed on the caption and on the attached list, which is incorporated by reference herein, are foreign corporations who are amenable to jurisdiction in the

3

courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina. The Plaintiff was exposed to various asbestos-containing products while working at various jobs, as listed on the attached Schedule I.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
**(Against all named Defendants except Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

8.      Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

9.      At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

10.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the Plaintiff.

11.     Throughout the course of his employment, Plaintiff worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

4

12.     During the course and scope of his employment, Plaintiff was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

13.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn the Plaintiff and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

14.     Plaintiff, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or should have known that persons employed as Plaintiff would be required to and would come into contact with and would work in close proximity to said products.

15.     Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Plaintiff's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's body, lungs, respiratory system, skin, health, and general well-being.  Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

5

16.     Plaintiff's illness and disability are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff's body, lungs, respiratory system, skin, and health.

17.     Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     Failed to advise Plaintiff of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)     Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Plaintiff of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

6

18.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products.  The products in question were defective at the time they left the control of the Defendants.

19.     Defendants were negligent and breached their duty of due care to Plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the Plaintiff and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

20.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

21.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff developed Mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

22.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
**(Against all named Defendants except Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

23.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

24.     The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

7

25.     The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Plaintiff carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

26.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit: Mesothelioma.

27.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
**(Against Defendants Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

28.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

29.     At all material times, Defendants are or were engaged in the business of supplying, installing, replacing, repairing, and/or tearing out asbestos or asbestos-containing products during the course of construction or maintenance activities at the various job-sites listed in Schedule I.

30.     Upon information and belief, Defendants entered into various contracts to perform construction, maintenance, renovation and/or asbestos abatement work at some or all of the jobsites listed in Schedule I.

31.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be used, applied, installed, repaired, or torn out in the vicinity of the Plaintiff while he was working at his various job-sites.

8

32.     Defendants herein, contracted, employed, retained and/or otherwise hired individuals, servants, agents, and/or employees to perform the work described herein and for which the Defendants had been hired, retained and/or contracted.

33.     Defendants herein are vicariously responsible for the negligent, willful and/or wanton acts of their employees, servants and/or agents, who, while committing such negligent, willful and/or wanton acts were acting generally within the scope of their assigned, duties and employment with said Defendant employers.

34.     In furtherance of its duties as general contractor, Defendants, by its agents, servants and/or employees, purchased, transported, cut, fitted, sawed, installed, and otherwise handled asbestos containing materials in and throughout certain jobsites identified on Schedule I.

35.     The construction, maintenance, and installation of asbestos-containing insulation and other asbestos-containing materials, occurred while the Plaintiff was employed and actively working in and throughout the plant and in close proximity to the Defendants' workers and employees.

36.     Plaintiff, for a long period of time, worked with or around and was exposed to the asbestos and asbestos-containing materials, products or equipment installed, replaced, repaired, and/or torn out by the Defendants, most of the exposure being within the State of North Carolina.

37.     During the course and scope of his employment, Plaintiff has been exposed to Defendants' use of asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

38.     At all material times, Defendants knew or should of have known that exposure to asbestos or asbestos-containing materials is deleterious, carcinogenic and otherwise harmful to persons exposed to asbestos fibers.

9

39.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to perform work as described herein in a reasonably safe manner and a duty to prevent injury to individuals, including Plaintiff, who were working in and around the work and/or job areas of the Defendants, their agents, servants, and/or employees.

40.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to warn the Plaintiff and other foreseeable individuals working in and around the work and/or job areas of the Defendants, their agents, servants, and/or employees of the dangers associated with asbestos exposure which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

41.     Plaintiff, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that were used, applied, installed, torn out, or replaced by Defendants.  Defendants knew or should have known that persons employed as Plaintiff would be required to and would come into contact with and would work in close proximity to said products.

42.     Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Plaintiff's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they supplied, applied, installed, replaced, repaired, and/or tore out said asbestos or asbestos-containing products, materials or equipment while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's body, lungs, respiratory system, skin, health, and general well-being.

10

Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

43.     Plaintiff's illness and disability are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff's body, lungs, respiratory system, skin, and health.

44.     Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     While performing their duties and obligations to provide general and/or specific plant maintenance the Defendants, their employees, agents and/or servants, handled and/or distributed asbestos-containing material in such a way as to expose the Plaintiffs herein to airborne asbestos dust and fibers.

(b)     Failed to provide a safe work environment for Plaintiff and others working in the vicinity of Defendant;

(c)     Failing to properly enclose, encapsulate, seal, contain and/or safeguard the worksite in and around asbestos materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;

(d)     Failing to properly warn the Plaintiff of the presence of airborne asbestos fibers which had been released into the air as a direct and proximate result of the Defendants, their employees, agents and/or servants;

(e)     Failing to properly label areas of the plant, plant appurtenances and structures, including but not limited to, building insulation, pipes, boilers, walls, ceilings, floors and other areas as to the existence of friable or potentially friable asbestos-containing material;

(f)     Failing to take reasonable precautions to publish, disseminate or otherwise make available to Plaintiff, warnings of the dangerous nature of the existence in the plant of asbestos and/or asbestos-containing material and/or prepare, implement or disseminate any reasonable plan to protect the Plaintiffs from overall exposure to asbestos-containing materials.

(g)     Failed to advise Plaintiff of the dangerous characteristics of the asbestos and/or asbestos-containing materials, products or equipment used at Plaintiff's job-site;

11

(h)     Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(i)     Failed and omitted to place any warnings or sufficient warnings on the containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(j)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(k)     Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(l)     Did not recommend methods to improve the work environment;

(m)     Did not use alternative products;

(n)     Continued to use a known cancer-causing product, to-wit:  asbestos;

(o)     During the time period that the Defendants constructed and/or maintained the plant at which Plaintiff worked, including its buildings and appurtenances, the Defendants, their agents, servants, and/or employees failed to provide employees of the plant, including the Plaintiff, who were employed and working in the plant at the time, with any and/or all inadequate protection from exposure to airborne asbestos materials and fibers which were negligently released into the work area by Defendants, their employees, agents and/or servants; and

(p)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Plaintiff of the need for monitoring and periodic evaluations.

45.     At all material times, Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with exposure to asbestos or asbestos-containing products.

46.     Defendants were negligent and breached their duty of due care to Plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the Plaintiff and other

12

foreseeable users, in light of the reasonably foreseeable dangers caused by the negligent use and application of the asbestos and/or asbestos-containing products, materials or equipment at issue.

47.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

48.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff developed Mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

49.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

**FOURTH CAUSE OF ACTION**
**NEGLIGENT HIRING, TRAINING AND/OR**
**SUPERVISION OF DEFENDANT-EMPLOYEES**
**(Against Defendants Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

50.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

51.     That each of the Defendants herein hired, retained and/or otherwise employed individuals in order to perform the Defendants' obligations and duties at certain jobsites listed in Schedule I.

52.     Defendants herein had a duty to hire employees and supervisors who were competent and who would otherwise perform their job functions and assignments in a reasonably safe manner, and a duty to properly and adequately train its supervisors and employees in the proper and safe manner in which to perform their functions and assignments.

53.     Defendants were negligent in that they hired, retained and/or otherwise employed individuals who were untrained, incompetent, unsafe, careless, reckless and who otherwise acted in an unreasonable and unsafe manner in the performance of their job functions and assignments,

13

including but not limited to, their purchase, transportation, installation, handling, cutting, sawing, fitting, demolition, removal and/or packaging of asbestos and asbestos-containing materials.

54.     The Defendants were negligent in that they failed to properly train, inform, equip and monitor supervisors and employees and the activities of its workers who were employed at the various sites listed on the attached Schedule I.

55.     That the transportation, installation, cutting, removal and/or otherwise handling of asbestos and asbestos-containing materials by Defendant, employees, servants and/or agents was done in such a negligent and irresponsible manner that surrounding work area at times appeared like clouds of white smoke, and that the dust-contained asbestos was like a snowstorm, clouding and fogging the entire room and work areas.

56.     The handling of asbestos-containing materials by Defendants, their responsible employees, agents and/or servants was done in such a negligent and irresponsible manner that hammers and objects of the like were used to knock asbestos insulation and materials off of pipes, boiler, ceilings, walls, and other areas.

57.     Defendants, their employees, agents and/or servants handled and worked with asbestos-containing material in such a negligent and irresponsible manner that the air surrounding said job site was not encapsulated or properly ventilated to prevent the release into surrounding areas of airborne asbestos dust and fibers into the breathing space occupied the Plaintiff.

58.     As a direct and proximate result of the Defendants negligent hiring, training and/or supervision of its employees, agents and/or servants, the Plaintiff was exposed to airborne asbestos dust and fibers causing injury.

59.     Accordingly, Plaintiffs seek damages as are hereinafter demanded.

**FIFTH CAUSE OF ACTION**
**GROSS NEGLIGENCE—WILLFUL, WANTON, AND RECKLESS CONDUCT**
**(Against All Named Defendants)**

60.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

61.     Plaintiff and others in his position worked in close proximity to the asbestos and asbestos-related materials use or manufactured by the Defendants, and the exposure and hazard to each of them, in Plaintiff's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

62.     The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the Plaintiff and others in the Plaintiff's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants.  As a result, the Plaintiff has been severely damaged as is set forth below.

63.     The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Plaintiff the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)     failure to issue recall type letters to prior users;

15

(c)      frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)      rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)      The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

64.      The acts of the Defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of Plaintiff and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Plaintiff arid others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

65.      Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Plaintiff, Plaintiff therefore seeks exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

## SIXTH CAUSE OF ACTION
## FALSE REPRESENTATION
### (Against all Defendants)

66.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

67.     During, before, and after Plaintiff's exposure to asbestos products manufactured, installed or otherwise used by Defendants, the Defendants falsely represented facts, including the dangers of asbestos exposure, to Plaintiff in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff, and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

68.     The foregoing representations were material conditions precedent to Plaintiff's continued exposure to asbestos containing products, and Defendants each intended that Plaintiff act upon the representations by continuing his exposure to the asbestos products. Plaintiff was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

69.     As a direct and proximate result of Plaintiff's reliance upon Defendants' false representations, Plaintiff has suffered injury and damages hereinafter described.

## SEVENTH CAUSE OF ACTION
## FAILURE TO WARN
### (Against all named Defendants except Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)

70.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

71.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos.

17

72.    Defendants had a duty to warn individuals working at the Plaintiff's jobsites, including but not limited to Plaintiff, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

73.    Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff of the dangers, including but not limited to:

(a)    Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Plaintiff knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)    Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Plaintiff  knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c)    Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)    Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Plaintiff;

(e)    Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)    Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)    Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)    Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)    Failing to take adequate precautions and industrial hygiene measures to protect Plaintiff and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Plaintiff and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)    otherwise failing to act reasonably under the totality of the circumstances.

74.    Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, Plaintiff's employer, and these products were used by Plaintiff's various employers.  Thus, Defendants had a duty to warn individuals working at Plaintiff's jobsites, including but not limited to the Plaintiff, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

75.    Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

76.    At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Plaintiff.  In the alternative, after the asbestos-containing products left Defendants' control, Defendant became aware of or in the exercise of ordinary care should have known that their product posed a substantial risk of harm to a

19

reasonably foreseeable user, such as the Plaintiff, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

77.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Plaintiff to develop Mesothelioma as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

78.     As a result of the Defendants' failure to warn, the Plaintiff suffered and will continue to suffer the following injuries and damages hereinafter alleged.

### EIGHTH CAUSE OF ACTION
### FAILURE TO WARN
**(Against Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

79.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

80.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos fibers caused and/or significantly contributed to the Plaintiff's development of Mesothelioma.

81.     Defendants had a duty to warn individuals working at the Plaintiff's jobsites, including but not limited to Plaintiff, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

82.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products,

materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff of the dangers, including but not limited to:

(a) Failing to properly enclose, encapsulate, seal, contain and/or safeguard the worksite in and around asbestos-containing materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;

(b) Failing to properly warn Plaintiff of the presence of airborne asbestos fibers which had been released in the air as a direct and proximate result of the Defendants, their employees, agents and/or servants;

(c) Failing to properly label areas of the plant, plant appurtances and structures, including but not limited to, building insulation, pipes, boilers, walls, ceilings, floors, and other areas as to the existence of friable or potentially friable asbestos-containing material;

(d) Failing to take reasonable precautions to publish, disseminate or otherwise make available to Plaintiff, warnings of the dangerous nature of the existence in the plant of asbestos and/or asbestos-containing material and/or prepare, implement or disseminate any reasonable plan to protect the Plaintiff from overall exposure to asbestos-containing materials.

(e) otherwise failing to act reasonably under the totality of the circumstances.

83.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

84.     As a direct and proximate result of the Defendants' failure to warn, the Plaintiff suffered and will continue to suffer the irreparable harm, injury and damages, as described herein.

## DAMAGES

85.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

21

86.     As a result of the development of asbestos related diseases, Plaintiff has suffered and sustained very serious injuries to his person, to wit: mesothelioma.

87.     Plaintiff has further suffered great pain, extreme nervousness, and mental anguish as a direct result of the aforesaid injuries.

88.     Plaintiff verily believes that his injuries and illnesses are recurrent in nature and that he will be forced to suffer same for the remainder of his life; that his enjoyment of life has been greatly impaired; that he has been forced to remove himself from his job due to his poor health resulting in substantial lost wages and loss of earning capacity; and further, that his expected life span has been greatly shortened.

89.     Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid alleged.

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## DAMAGES
## LOSS OF CONSORTIUM

90.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

91.     As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff, Erik Ross Phillips, and as a direct and proximate result of the acts and omissions of the Defendants, Plaintiff-Spouse, Gina Phillips, has also suffered and will continue to

22

suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and therefore the Plaintiff-Spouse, Gina Phillips, is entitled to damages for her loss of consortium, both past and future.

WHEREFORE, the Plaintiffs pray for judgment against all Defendants, jointly & severally, for actual and punitive damages, lost wages and special damages in amounts to be determined by the trier of fact, and plus costs of this action.

**<u>PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE</u>.**

Respectfully submitted, this the 8th day of November, 2010.

WALLACE AND GRAHAM, P.A.

<u>/s/William M. Graham</u>
William M. Graham, Esq.
NC Bar No. 17972
Cathy A. Williams, Esq.
NC Bar No. 33534
Attorneys for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC  28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
E-Mail: bgraham@wallacegraham.com
E-Mail: cwilliams@wallacegraham.com

23

Erik Ross Phillips
SCHEDULE I
Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information


OCCUPATION:

Cleaning services/janitorial services; railroad track worker.

| EMPLOYER/WORKSITE: | APPROXIMATE DATES: |
|---|---|
| Biltmore Coal & Lumber Co Inc. - Asheville, NC | 01/01/74 - 12/31/76 |
| Blue Ridge Paper Products, Inc,. f.k.a. Champion International Paper Co. a/k/a International Paper Company - Canton, NC | 01/01/84 - 12/31/99 |
| Blue Ridge Paper Products, Inc,. f.k.a. Champion International Paper Co. a/k/a International Paper Company - Canton, NC | 01/01/99 - 01/01/09 |

PRODUCTS CONTAINING ASBESTOS:

Raw Asbestos Fiber, Pipe Covering, Block, Cements, Gaskets, Refractory Materials, Boilers, Joint Compounds, Wall Board, and other asbestos containing materials.

24

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NC DEFENDANTS LIST

Albany International Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

AstenJohnson, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

B E & K Inc
The Corporation Trust Company
Corporation Trust Center 1209 Orange St.
Wilmington, DE 19801

BEK Construction, Inc.
CT Corporation System
2 Office Park CT Ste 103
Columbia, SC 29223

Borg-Warner Corporation by its Successor in Interest, BorgWarner Morse TEC Inc.
800 Warren Rd
Ithaca, NY 14850

CBS Corporation a Delaware Corporation f/k/a Viacom, Inc., successor by merger to CBS
        Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

CertainTeed Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Chattanooga Boiler & Tank Company
CT Corporation System - TN
800 S Gay St Ste 2021
Knoxville, TN 37929

Cleaver-Brooks, Inc.
11950 W Lake Park Dr
Milwaukee, WI 53224

Crane Co.
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Daniel International Corporation
Registered Agent, NC Secretary of State
2 South Salisbury St.
Raleigh, NC 27601

Flowserve US Inc., individually and as successor to Edward Valves Inc. and Nordstrom Valves,
        Inc.
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Foster Wheeler Energy Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Gardner Denver, Inc.
Corporation Service Company
80 State St
Albany, NY 12207

General Electric Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Genuine Parts Company
CT Corporation System
116 Pine St
Harrisburg, PA 17101

26

Goulds Pumps, Inc.
240 Fall St
Seneca Falls, NY 13148

Grizzly Industrial, Inc.
Shiraz Balolia, Registered Agent
1821 Valencia St
Bellingham, WA 98226

Henry Vogt Machine Co.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Honeywell International, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Ingersoll-Rand Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Industrial Holdings Corporation, f/k/a The Carborundum Company
2351 Whirlpool St
Niagara Falls, NY 14305

ITT Corporation, individually and as successor in interest to Kennedy Valve Manufacturing
    Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

ITT Corporation, individually and as successor to Bell & Gossett
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Korber Paperlink North America, Inc., successor in interest to Clark-Aiken Company
Corporation Service Company
2711 Centerville Rd
Ste 400
Wilmington, DE 19808

Korber Paperlink North America, LLC, successor in interest to Clark-Aiken Company
Corporation Service Company
2711 Centerville Rd
Ste 400
Wilmington, DE 19808

Metropolitan Life Insurance Company, a wholly-owned subsidiary of Metlife Inc.
200 Park Ave.
New York, NY 10166

National Automotive Parts Association, Inc.
The Corporation Company
30600 Telegraph Rd
Bingham Farms, MI 48025

National Service Industries, Inc. (f/k/a North Brothers Company)
Corporation Service Company
40 Technology Parkway S Ste 300
Norcross, GA 30092

Pneumo Abex Corporation (successor-in-interest to Abex Corporation f/k/a American Brake
    Shoe Company, f/k/a American Brake Shoe and Foundry Company including The
    American Brakeblok Division, successor-by-merger to the American Brake Shoe and
    Foundry
The Prentice-Hall Corporation Systems, Inc.
327 Hillsborough St.
Raleigh, NC 27603

Rapid American Corporation
Corporation Service Company
2711 Centerville Rd Ste 400
Wilmington, DE 19808

Riley Power, Inc., f/k/a Babcock Borsig Power, Inc., f/k/a/ D.B. Riley, Inc., f/k/a Riley Stoker
    Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

SEPCO Corporation
CT Corporation System
818 W Seventh St
Los Angeles, CA 90017

The Montalvo Company
John L. Carpenter, Registered Agent
PO Box 9729
Portland, ME 04104

Trane U.S. Inc., f/k/a American Standard Inc.
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Union Carbide Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Uniroyal, Inc., f/k/a/ United States Rubber Company, Inc
70 Great Hill Rd
Naugatuck, CT 06770

Viking Pump, Inc.
406 State St
Cedar Falls, IN 50613-0008

Yarway Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Zurn Industries, LLC
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601