IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10-cv-262-MR

| | |
|---|---|
| ERIK ROSS PHILLIPS and <br> TINA LANDERS, spouse, <br><br> Plaintiffs, <br><br> vs. <br><br> PNEUMO ABEX LLC and <br> REDDAWAY MANUFACTURING <br> CORPORATION, INC., <br><br> Defendants. | **MEMORANDUM OF** <br> **OPINION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for New Trial only as to Defendant Pneumo Abex LLC ("Abex"). [Doc. 298].[1] Abex has responded to Plaintiffs' Motion and the matter is ripe for the Court's consideration. [Doc. 300].

---

[1] This action originated on November 8, 2010, in this District. [Doc. 1]. By order entered the same day [Doc. 3], this action was included in the Coordinated Proceeding "In re: Asbestos-Related Litigation, WDCP-83-1" and transferred to the District Court for the Eastern District of Pennsylvania. [Id.]. The Pennsylvania court was designated as the Multi District Litigation (MDL) court to handle asbestos-related claims through the discovery stage of litigation before returning them to the originating district. As a result, the parties filed documents that exist on the MDL Docket in the Eastern District of Pennsylvania under case number 2:11-CV-60074, as well as on this Court's Docket. The Court will cite to the Pennsylvania court's documents as "[MDL Doc. X]" and this Court's documents as "[Doc. X]" where the letter "X" represents the Docket entry number of the particular document referenced.

Plaintiffs Erik Ross Phillips and Tina Landers, husband and wife, brought this diversity action asserting eight claims for relief in their Third Amended Complaint. [MDL Doc. 141]. Plaintiffs initially sued numerous Defendants. In so doing, Plaintiffs generally alleged each "Defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina. The Plaintiff [Erik Ross Phillips] was exposed to various asbestos-containing products while working at various jobs." [Id.]. All of Plaintiffs' claims were premised on North Carolina's products liability law, and were based upon the Defendants' alleged acts or omissions allegedly causing Mr. Phillips to contract mesothelioma from breathing asbestos dust. [Id.].

Plaintiffs ultimately proceeded to a jury trial against only two Defendants, Abex and Reddaway Manufacturing Corporation, Inc., on August 31, 2015. [Docket Sheet at 50]. On September 11, 2015, the jury found in favor of the two Defendants and against the Plaintiffs on all of the Plaintiffs' claims. [Doc. 296]. Thereafter, the Court entered its Judgment dismissing Plaintiffs' action with prejudice on October 2, 2015. [Doc. 297].

Plaintiffs filed their new trial motion with regard to Abex on October 30, 2015. [Doc 298]. Abex filed its response November 13, 2015 [Doc. 300], and Plaintiffs replied thereto. [Doc. 301].

> Plaintiffs, in seeking a new trial against Abex, state as their basis:
>
> There is plain error in the verdict requiring a new trial. The jury found in issue two that Abex's negligence proximately caused the injury. But then it found in issue three that there was an intervening cause which caused the injury. The law is clear that an intervening cause must be the sole cause.

[Doc. 298 at 2]. The substance of Plaintiffs' argument is that insulating negligence (i.e. intervening or superseding cause) should not have been submitted to the jury as a separate issue. [Doc. 300-3 at 1]. In this matter, intervening cause was submitted as Issue 3, a separate issue from proximate cause. [Doc. 296 at 3]. Plaintiffs did not object on this ground during the charge conference. They assert now, however, that this was "plain error" requiring a new trial.

Plain error is a concept that applies to *criminal* trials, and is embodied in Federal Rule of Criminal Procedure 52(b).[2] The Supreme Court has interpreted criminal Rule 52(b) to define "a single category of forfeited-but-reversible error." United States v. Olano, 507 U.S. 725, 732 (1993). Plain

---

[2] Criminal Rule 52(b) provides that a "plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed.R.Crim.P. 52(b).

3

errors are forfeited errors because "[n]o procedural principle is more familiar to this Court than that a constitutional right, or a right of any other sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." <u>Id.</u> at 731 (internal citation and quotation marks omitted). To fall within the purview of Criminal Rule 52(b) there must be: (1) an "error" (2) that is "plain" and (3) that "affects substantial rights." Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the reviewing court, and the court should not exercise that discretion unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> at 732 (internal citation and quotation marks omitted).

The plain error rule, however, has virtually no application to civil trials. Unlike the federal criminal rules, the Federal Rules of Civil Procedure do not express any equivalent to the criminal "plain error" rule. Civil Rule 61 states that:

> Unless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Fed. R. Civ. P. 61. The Fourth Circuit has, however, applied a sort of plain

error rule in civil cases on a very limited basis. See Gentry v. East West Partners Club Mgmt. Co., --- F.3d ----, 2016 WL 851673, No. 14-2382, slip op. at *6 (4th Cir. Mar. 4, 2016).

Even if the more lenient criminal "plain error" rule were to be applied to this case, Plaintiffs' argument would still fail for three reasons: (1) they have not demonstrated that the submission of separate causation issues was an error, (2) even if it were an error, they have not shown that it affected a substantial right, and (3) such was specifically invited by the Plaintiffs.

Plaintiffs argued at the charge conference that intervening cause was an affirmative defense, for which the burden of proof fell on Abex:

> [Mr. Francis, Plaintiffs' Counsel:] With respect to the intervening cause. There is nothing to show that Champion [alleged intervening actor] adequately did what they were supposed to do that their expert could say Champion's testing was sufficient to put Champion on notice that they were complying or – basically, that they were on notice of having to do a certain type of an air test. And I know I'm kind of getting away from the evidence, and I guess it's coming back to – **it's not the plaintiffs' burden to show intervening cause, and they [Defendants] have not shown that**.
>
> The plaintiff's burden is to show negligence. **They have to then, if negligence is shown to them, then show why their negligence is stopped or insulated from someone else's conduct, and that is not something that they've established today.**

[Doc. 300-1 at 6-7 (emphasis added)]. The issues of causation and intervening cause could not be combined into one issue if different parties

5

had the burden of proof as to the component parts of Plaintiffs' negligence claim. Plaintiffs' request necessarily required that these issues be separated for presentation to the jury. Abex did not object to shouldering the intervening cause burden. Accordingly, the Court instructed the jury that, with regard to intervening cause, such issue was an affirmative defense to be proven by Abex, and the jury found it had been proven by Abex. [Doc. 299-4 at 12-15].

Having invited this error (if it was error), Plaintiffs are in no position to complain about it. Frugard v. Pritchard, 228 N.C. 508, 512, 450 S.E.2d 744, 746 (1994). Under the doctrine of invited error, "a party cannot complain of a charge given at his request, or which is in substance the same as one asked by him." Sumner v. Sumner, 227 N.C. 610, 613, 44 S.E.2d 40, 41 (1947) (internal citations omitted).[3]

---

[3] Plaintiffs have also failed to demonstrate that the Court's separation of the issues of proximate cause and intervening cause was error. Plaintiffs rely on North Carolina Pattern Jury Instruction ("NCPJI") 102.65. According to NCPJI 102.65, North Carolina law states that the burden is not on the defendant to prove that his negligence, if any, was insulated by the negligence of some third person. Rather, the burden is on the plaintiff to prove, by the greater weight of the evidence, that the negligence of the defendant was a proximate cause of the plaintiff's injury. [Doc. 300-3]. Based on this, Plaintiffs argue that insulating negligence must not be an independent issue in a verdict sheet. [Id.]. Plaintiffs also rely on the North Carolina Court of Appeals' decision in Furr v. Pinoca Vol. Fire Dept., 53 N.C. App. 458, 281 S.E.2d 174 (1981), for this same proposition. Plaintiffs' reliance on Furr is misplaced, however, because the trial court in that case failed to instruct the jury properly in the first instance. Id. at 462, 281 S.E.2d at 177 (the jury instructions failed to differentiate adequately between concurring proximate causes and a sole proximate cause). The Plaintiffs herein do not argue that the Court improperly instructed the jury, only that the issue of intervening cause should not have been submitted to the jury as a

Plaintiffs have also failed to show that their substantial rights were affected, as the failure to combine the issues of proximate cause and intervening cause does not seriously affect the fairness, integrity, or public reputation of this judicial proceeding. Fed. R. Civ. P. 61. The Plaintiffs argued during the charge conference that the burden of proof regarding intervening cause should be put upon the Defendants. The Court agreed to do so. The upshot of Plaintiffs' argument is that this burden should have remained on the Plaintiffs. As such they cannot complain that their substantial rights have been affected as a result of the Court (at Plaintiffs' urging) having lightened the Plaintiffs' load by shifting that burden on this issue to the Defendants. In addition, the insulating negligence charge given by the Court to the jury was in substantial conformity with NCPJI 102.65, to which Plaintiffs specifically cite:

> A natural or continuous sequence of causation may be interrupted or broken by the negligence of a third person apart from and independent of a defendant. This occurs when a third party's negligence was not reasonably foreseeable by the defendant and causes its own natural and continuous sequence which interrupts, breaks, displaces or supersedes the consequences of the defendant's negligence. Under such circumstances the negligence of such third party not reasonably foreseeable by a defendant insulates the negligence of such defendant and would be the sole proximate cause of injury.

stand-alone issue. As such, the Plaintiffs have failed to demonstrate that the division of the causation issues was error. Even if it was, it was an error that stemmed from Plaintiffs' specific request.

[Doc. 299-4 at 13].[4]

In summary, if it was error for the Court to separate the issues of proximate cause and intervening cause, it was to the Plaintiffs' benefit. If it was error, it was an error that prejudiced the Defendants – not the Plaintiffs – by placing an undeserved burden on the Defendants. The Plaintiffs asked for such an instruction at trial. The Plaintiffs cannot now complain that they received precisely what they sought.

Accordingly, for all the reasons set forth herein, the Plaintiffs' new trial motion should be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for New Trial only as to Defendant Pneumo Abex LLC [Doc. 298] is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: April 5, 2016

Martin Reidinger
United States District Judge

---

[4] Plaintiffs also rely on Duphily v. Delaware Elec. Co-Op, Inc., 662 A.2d 821, 829 (Del. 1995) (if intervening negligence was not reasonably foreseeable, the intervening act supersedes and becomes the sole proximate cause of plaintiff's injuries, thus relieving the original tortfeasor of liability). For this same reason, this reliance on Duphily is misplaced.

8